# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Honorable Marcia S. Krieger

**Civil Action No. 11-cv-01125-MSK**

**ELIZABETH A. BUTTS,**

    **Plaintiff,**

**v.**

**CAROLYN W. COLVIN, Acting Commissioner of Social Security,**

    **Defendant.** [1]

## ORDER GRANTING PLAINTIFF'S MOTION FOR AWARD OF ATTORNEY'S FEES

**THIS MATTER** comes before the Court on Plaintiff Elizabeth A. Butts' Opposed Motion for an Award of Attorney's Fees ("Motion") (**#34**) which is brought pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.  Having considered the Motion, the Commissioner's Response (**#35**) and Ms. Butts' Reply (**#36**), the Court

**FINDS** and **CONCLUDES**:

**I.     Jurisdiction**

For purposes of determining the instant motion, the Court exercises subject matter jurisdiction pursuant to 42 U.S.C. § 405(g) and 28 U.S.C. § 2412.

**II.    Background**

Ms. Butts applied for disability insurance benefits pursuant to Title II of the Social Security Act, 42 U.S.C. §§ 401-33, and Supplemental Security Income under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-83c.  She asserted that she had been disabled from

---

[1] At the time Ms. Butts filed her appeal, Michael J. Astrue was the Commissioner of Social Security.  Carolyn W. Colvin is substituted as the Defendant in this action to reflect her designation as Acting Commissioner of Social Security, effective February 14, 2013.

March 1, 2007, due to Post-Traumatic Stress Disorder ("PTSD") and migraine headaches. After a hearing, the administrative law judge ("ALJ") denied Ms. Butts' claim in a Decision issued January 29, 2010. Ms. Butts timely appealed that Decision to the Appeals Council, which denied review. Subsequently, Ms. Butts appealed to this Court, challenging the Decision's rejection of the treating psychologist's opinion and Ms. Butts' testimony. Pursuant to 42 U.S.C. § 405(g), this Court exercised jurisdiction to review the Decision. In an Opinion and Order dated February 6, 2013 (**#32**), this Court reversed that Decision and remanded the case to the Commissioner for further proceedings. Specifically, this Court held that the Decision failed to consider at Steps 3 and 4 medical evidence that supported Ms. Butts' allegations of debilitating migraine headaches and PTSD symptoms. In ruling on this Motion, the Court assumes that the parties are familiar with the facts of this case and incorporates herein the factual narrative from the Opinion and Order.

### III.     Issues Presented

There is one issue before the Court: Whether Ms. Butts' counsel should be awarded attorney's fees and costs in the amount of $4487.50, pursuant to the EAJA. However, in order to answer this question, the Court must determine: (1) whether Ms. Butts' was the prevailing party; (2) whether the position of the United States was substantially justified; (3) whether special circumstances exist in this case that make an award of attorney's fees unjust; and (4) whether Ms. Butts' attorney's fee request is reasonable.

### IV.     Discussion

The EAJA provides:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing part other than the United States fees and other expenses . . . incurred by that party in any civil action . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). Thus, to prevail under the EAJA, a court must be satisfied: (1) that the party requesting fees was the prevailing party; (2) the position of the United States was not substantially justified; and (3) there are no special circumstances that make an award unjust.

In a social security case, a claimant is the prevailing party when the district court remands to the Commissioner of Social Security under the fourth sentence of 42 U.S.C. § 405(g).[2] *Hackett v. Barnhart*, 475 F.3d 1166, 1168 (10th Cir. 2007). In its February 6, 2013 Opinion and Order, this Court reversed the Commissioner's decision denying Ms. Butts disability benefits and remanded her case to the Commissioner for additional review, thus Ms. Butts is the prevailing party.

### A. Whether the Commissioner's Position Was Substantially Justified

The Commissioner bears the burden of demonstrating that her position was substantially justified. *Hackett*, 475 F.3d at 1170. In litigation following an administrative proceeding, the Commissioner's position includes both that taken in the underlying administrative proceeding and that taken in subsequent litigation defending the prior position.[3] *Id*. at 1174. In this Circuit, substantially justified means that the Commissioner's position had a reasonable basis in both law

---

[2] The fourth sentence of 42 U.S.C. § 405(g) provides: "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."

[3] The Commissioner argues in her Response (#**35**) that the Court raised *sua sponte* the issue of whether the Decision erred at Step 3 in finding that Ms. Butts' migraines and PTSD did not meet and were not medically equivalent to a listed impairment. According to the Commissioner, her position at Step 3 was substantially justified, in part, because Ms. Butts did not raise this issue in her briefs. However, this argument grants too much import to the *sua sponte* nature of an issue. A claimant's failure to raise an issue does not necessarily mean that the Commissioner's position was substantially justified. Regardless of whether the Court raised an issue *sua sponte*, the Commissioner's position, which includes the position taken in underlying administrative proceedings, must be substantially justified.

and fact. *Veltman v. Astrue*, 261 F. App'x. 83, 85 (10th Cir. 2008). The Commissioner's position is not justified if it is considered unreasonable "as a whole." *Hackett*, 475 F.3d at 1175.

Based on the above standard, the Commissioner's position in the Decision was not substantially justified because it did not have a reasonable basis in law or fact. As the Court explained in its Opinion and Order, the Decision did not address evidence, whether at Step 3 or 4, that tended to support Ms. Butts' assertions about her migraine headaches. For example, although the Decision mentioned a part of Dr. Fischer's medical report, it omitted any mention of that part of Dr. Fisher's report that outlined Ms. Butts' inconsistent success with treating migraine headaches. Similarly, the Decision did not mention treatment notes that stated that Ms. Butts suffers from migraines several times per week and that these migraines last from between eight hours and two days and include nausea and vomiting. The Decision did not include discussion of the ineffectiveness of migraine medications after repeated use as well as other records that document the frequency and severity of Ms. Butts' migraines.

The Decision's Step 4 finding that Ms. Butts' statements regarding her subjective symptoms were not credible was conclusory and the ALJ failed to tie this finding to medical evidence as required by *Luna v. Bowen*, 834 F.2d 161, 162-66 (10th Cir. 1987).

The failure to demonstrate consideration of evidence presented by the claimant and to apply the applicable legal standard was not recognized by the Commissioner. Thus the Court finds that the positions taken both in the adjudicative phase and in this matter were not substantially justified.

**B. Special Circumstances**

An EAJA award may be denied or reduced if "special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The Commissioner argues that attorney's fees should be

denied or reduced in this case because Ms. Butts, as the prevailing party, did not contribute to the Court's decision to reverse the Decision and remand the case. Specifically, the Commissioner argues that the Court's decision to reverse and remand was based on an issue raised *sua sponte* by the Court. As such, according to the Commissioner, Ms. Butts should not benefit from an issue she did not develop in her briefs. The Court disagrees with the Commissioner's argument.

The provision in 28 U.S.C. § 2412(d)(1)(A) allowing denial of attorney's fees in special circumstances is an equitable principle in which a court has the "discretion to deny awards where equitable considerations dictate an award should not be made." H.R.Rep. No. 1418, 96th Cong., 2d Sess. At 11 (1980). In support of her argument, the Commissioner cites to several cases from outside this Circuit. *See U.S. v. 27.09 Acres of Land*, 43 F.3d 769, 772-74 (2d Cir. 1994); *Firstland Intern., Inc. v. I.N.S.*, 264 F.App'x 22, 25 (2d Cir. 2008). *Sands v. Runyon*, 28 F.3d 1323, 1333 (2d Cir. 1994).[4] However, in those cases, the party denied attorney's fees played a minimal role in the litigation and was therefore not a prevailing party, was adequately represented by another party, or filed meritless or unsuccessful claims. None of those circumstances are present in this case and the Court declines to adopt the rationale from those non-binding decisions. Although Ms. Butts did not specifically object to the Decision's Step 3 finding, she argued that the Decision failed to connect her daily activities with the finding that her statements about her subjective symptoms were not credible. The Court reversed the Decision, in part, because the Decision failed to explain why Ms. Butts' daily activities (when she was not experiencing a migraine) impacted the credibility of her statements as to their frequency and severity. Ms. Butts made a similar argument in her briefs, noting that the Decision mentions her ability to perform daily activities when not suffering from a migraine but

---

[4] The Court was unable to find any controlling precedent in this Circuit interpreting the "special circumstances" provision of 28 U.S.C. § 2412(d)(1)(A).

does not explain how she is able to function when suffering from a migraine. Although not specifically associated with Step 3 or 4, this argument is very similar to reasoning utilized by the Court in its Opinion and Order. Consequently, the Court concludes that Ms. Butts contributed to the litigation of this case and no special circumstances exist that would warrant a denial of attorney's fees under the EAJA.

### C. **Reasonableness of Ms. Butts' Fee Request**

Having determined that Ms. Butts is entitled to attorney's fees under the EAJA, the Court next considers the reasonableness of her request. To determine a reasonable fee request, the Court must first calculate the "lodestar amount." *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998). The lodestar amount is the "number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Ms. Butts seeks $4487.50 in fees. This amount is based on attorney expenses of 14.1 hours at $180.59 per hour and 6.5 hours at $184.32 per hour, paralegal expenses of 6.9 hours at $99 per hour, and $60 in costs.[5] Based upon the detailed explanation for these fees Ms. Butts submitted to the Court with her Motion, the Court finds these fees reasonable.

For the reasons stated herein, **IT IS ORDERED** that the Motion is **GRANTED**. Payment of Ms. Butts' attorney's fees and costs in the amount of $4487.50 under the EAJA, 28 U.S.C. § 2412, shall be made to Ms. Butts directly[6], in care of her attorney.

---

[5] (14.1 x $180.59) + (6.5 x $184.32) + (6.9 x $99) + ($60) = ($2546.32) + ($1198.08) + ($683.10) + ($60) = **$4487.50**

[6] Ms. Butts has included an affidavit with her Motion that assigns her rights to any attorney's fees to her attorney, Mr. Rohlfing. The Court declines to assign her awarded attorney's fees to her attorney, as the EAJA makes it is clear that attorney's fees will be paid only to the "prevailing party." *Manning v. Astrue*, 510 F.3d 1246, 1249-50 (10th Cir. 2007).

DATED this 12th day of November, 2013

**BY THE COURT:**

Marcia S. Krieger
United States District Judge